Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for Debtor*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
todd@cushnerlegal.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

IN RE:                                                                       CHAPTER 13

    JOHN MICHAEL MULHERE, JR.,                           CASE NO. 19-23720 (SHL)

                  DEBTOR
---------------------------------------------------------X

**MOTION AND POINTS OF LAW TO WITHDRAW AS ATTORNEY OF RECORD**
**PURSUANT TO S.D.N.Y. LOCAL RULE 2090-1(e) AND DR 2-110(C)(1)(d) AND (f)**

**TO:   HONORABLE SEAN H. LANE,**
**         UNITED STATES BANKRUPTCY JUDGE:**

The Motion of Cushner & Associates, P.C. (the "Movant"), respectfully alleges:

**FACTUAL BACKGROUND**

1.      On September 26, 2019, (the "Petition Date") the Debtor, *pro se*, filed the instant chapter 13, case no. 19-23720 (SHL) and an order of relief was duly entered.

2.      On or about October 2, 2019, the Debtor retained the law firm of Cushner & Associates, P.C. as his bankruptcy attorney.

3.      The Debtor owns certain real property commonly known as at 2221 Palmer Avenue, Unit #3N, New Rochelle, NY 10801 (the "Primary Residence").

4.      The Movant has represented the Debtor from October 2019 in his chapter 13 proceeding and has fully informed the Debtor of his duties under the Bankruptcy Code.

5.      During the pendency of this representation, there has been a substantial breakdown of communication between counsel and client.

6.      The Debtor has continuously questioned Movant's loyalty to his case.  In fact, the Debtor has gone so far as to accuse Movant of failing to act in his best interests and questioned Movant's legal judgment and professionalism.

7.      Since the Debtor's retention of Movant, the Debtor has sent more than three hundred (300) emails and text messages to the Movant at all hours of the day. The Debtor also calls the Movant's nearly every day and calls the Movant, Todd S. Cushner on his cellular phone multiple times a day during the daytime and nighttime.

8.      Due to the parties' communication difficulties, counsel seeks to withdraw. Counsel has discussed these issues with the Debtor and advised Debtor that the Motion would be filed and that counsel would continue to use his best efforts to represent the Debtor's interests until such time a decision is made of this Court on this Motion.

9.      As a result of the breakdown in communications, the Movant cannot continue to represent the Debtor, as same has prevented the parties from establishing the proper basis for an attorney/client relationship.  Certainly, if the parties are unable to communicate during the pendency of this case, the Movant cannot establish the appropriate relationship necessary to allow the Movant to continue to represent the Debtor.

**MOVANT SHOULD BE PERMITTED TO WITHDRAW AS DEBTOR'S COUNSEL PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e) AND DR 2-110(C)(1)(d)**

The Movant should be permitted to withdraw as Debtor's counsel pursuant to SDNY Local Bankruptcy Rule 2090-1(e), "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown".

Furthermore, DR 2-110(C)(1)(d) of the Model Code of Professional Responsibility provides that an attorney may withdraw after receipt of permission by the Court for, among others, the following reasons, in pertinent part:

2

   a.  lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

   b.  By other conduct renders it unreasonably difficult for the lawyer to carry out employment effectively.

DR 2-110(C)(1)(d).

In addition, courts in the Second Circuit have held that cause for withdrawal exists:

> . . . where counsel has been subjected to hostile conduct by the client, *Homles v. Y.J.A. Realty Corp.*, 128 A.D.2d 482, 513(1st Dep't 1987), the attorney-client relationship has become unproductive, *Kolomick v. Kolomick*, 133 A.D.2d 69 (2d Dep't 1987), and where there has been a breach of trust on the part of the client or a challenge to the attorney's loyalty. *Hunkins v. Lake Placid Vacation Corp.*, 120 A.D.2d 335 (3d Dep't 1986); *In re Meyers*, 120 B.R. 751 (Bankr. SDNY 1990).

*Goldstein v Albert (In re Albert)*, 2002 Bankr. LEXIS 631 (Bankr. SDNY June 20, 2002, Chapter 7, Case No.: 99-31520, Adv. Proc. No.: 99-7108).

During Movant's representation of the Debtor in this proceeding, the Debtor has continuously questioned Movant's loyalty to his case. Further, the Debtor has accused Movant of failing to act in the Debtor's best interests and questioned Movant's legal judgment and professionalism.

Moreover, the Debtor continues to ignore the firm's advice and insists that the Movant continue to represent him in this case in a manner that is neither warranted under existing law or that can be supported by a good faith argument for the extension, modification or reversal of existing law. Therefore, under these facts and circumstances, the Movant has established sufficient cause for which to be relieved as counsel in this case.

Furthermore, the withdrawal of counsel herein shall not materially prejudice the Debtor.

**CONCLUSION**

Accordingly, it is respectfully requested that an Order be entered pursuant to S.D.N.Y.

Local Rule 2090-1(e) and DR 2-110(C)(1)(d), permitting the Movant to withdraw as counsel for

the Debtor; and that the Movant be granted such other and further relief as to this Court may

seem just and proper.

Dated: White Plains, New York
     December 16, 2019

                         Respectfully submitted,

By:    */s/ Todd S. Cushner*
        Todd S. Cushner, Esq.
        Cushner & Associates, P.C.
        *Attorneys for the Debtor*
        399 Knollwood Road, Suite 205
        White Plains, New York 10603
        (914) 600-5502 / (914) 600-5544
        todd@cushnerlegal.com